# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEONDRE WILLIAMS,

              Plaintiff,

vs.

OFFICER CARTER, et al.,

              Defendants.

Case No. 2:14-cv-001012-MMD-NJK

**REPORT AND RECOMMENDATION**

(Docket No. 1)

Plaintiff Deondre Williams is a prisoner in the custody of the Nevada Department of Corrections. Plaintiff has submitted an application to proceed *in forma pauperis* (Docket No. 1) and a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Docket No. 1-1). This proceeding was referred to this court by Local Rule IB 1-9.

**I.**    ***In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them, as well as a certified copy of the trust fund account statement as required by § 1915(a)(2). Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The Court will now review Plaintiff's complaint.

**II.**    **Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of

the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 (PLRA), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d. 696, 699 (9th Cir. 1988).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.; see Papasan v. Allain*, 478 U.S. 265, 286 (1986). Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

All or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. *See, e.g., Delosh v. Nevada*, 2014 U.S. Dist. LEXIS 76682, *4 (D. Nev. June 4, 2014). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required. *See Cato v. United States*, 70 F.3d. 1103, 1106 (9th Cir. 1995).

### III. Screening of the Complaint

In his Complaint, Plaintiff seeks to bring a § 1983 action against four officers of the Nevada Department of Parole and Probation. Docket No. 1-1, at 1-2. Plaintiff identifies these individuals as Probation Officer Carter, Supervising Probation Officer Johnson, Probation Officer Jane Doe #1, and Probation Officer John Doe #1. *Id*., at 2. Plaintiff's allegations center around events that took place prior to his incarceration. *Id.*, at 3-6. Specifically, Plaintiff alleges that, on February 6, 2013, he was "given one year of probation" in Nevada state district court. *Id*., at 3. On June 15, 2013, Plaintiff was subsequently assigned a probation officer from the Intensive Supervision Unit of the Nevada Department of Parole and Probation. *Id*., at 4. Plaintiff describes interactions with the officials identified above - including searches of Plaintiff's residence - on several occasions from June through October of 2013. Plaintiff states that on November 5, 2013, he was "taken into custody and charged with Probation Violation." *Id.*, at 3.

Plaintiff alleges in his Complaint that he "should have been discharged from Probation on June 13[th], 2013." *Id*. Plaintiff further alleges that he was "falsely arrested," *id*., at 4, and that he "should have retained [his] freedom since day one." *Id*., at 5. In his Complaint, Plaintiff alleges three counts under the U.S. Constitution, seeks monetary damages (compensatory and punitive), and requests injunctive relief in the form of an apology "by all parties involved and a promise they'll do what ever to make sure this doesn't happen again." *Id.*, at 1-3, 9.

Plaintiff alleges facts that may or may not entitle him to *habeas corpus* relief, but that are not properly before the Court as § 1983 action. When a prisoner challenges the legality or duration of his

3

custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Young v. Kenny*, 907 F.2d 874 (9th Cir. 1990), *cert. den.* 498 U.S. 1126 (1991). Moreover, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 487. Plaintiff has not and, indeed, cannot allege that his imprisonment due to a probation violation has been reversed or otherwise invalidated. Plaintiff therefore fails to state a cognizable civil rights claim in any of the counts of his Complaint. It is clear that the deficiencies in the Complaint cannot be cured by amendment.

## IV.   CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* be **GRANTED** and his Complaint dismissed **WITH PREJUDICE**.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the Courts of Appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: July 10, 2014.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

4