UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DEONDRE WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICER CARTER, et al.,<br><br>Defendants. | Case No. 2:14-cv-01012-RFB-NJK<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION** |

Before this Court is the Report and Recommendation of United States Magistrate Judge Nancy J. Koppe, ECF No. 2, July 10, 2014, recommending that Plaintiff Deondre Williams's Application for Leave to Proceed *In Forma Pauperis*, ECF No. 1, be granted and Plaintiff's Complaint, ECF No. 1-1, be dismissed with prejudice. On July 21, 2014, Plaintiff filed an objection to Magistrate Judge Koppe's Report and Recommendation pursuant to Local Rule LR IB 3-2 of the Rules of Practice of the United States District Court for the District of Nevada. See also 28 U.S.C. § 636(b)(1). Specifically, Plaintiff objected to dismissal with prejudice "on the grounds that my claim of civil rights violation is clear." Objection 1, ECF No 3.

For the reasons given below, Report and Recommendation, ECF No. 2, is adopted.

## I.      BACKGROUND

Plaintiff seeks to bring a 42 U.S.C. § 1983 action against four officers of the Nevada Department of Parole and Probation. Complaint 1–2, ECF No. 1-1. Plaintiff identifies these individuals as Probation Officer Carter, Supervising Probation Officer Johnson, Probation Officer Jane Doe #1, and Probation Officer John Doe #1. Id. at 2. Plaintiff's allegations involve events that took place prior to his incarceration. Id. at 3–6. Plaintiff complains of unlawful

search and seizure in violation of the Fourth Amendment, cruel and unusual punishment in violation of the Eighth Amendment, and due process and equal protection violations of the Fourteenth Amendment.  Id. at 4, 5, 6.  Plaintiff seeks monetary damages and requests injunctive relief in the form of an apology "by all parties involved and a promise they'll do what ever [sic] to make sure this doesn't happen again."  Id. at 1–3, 9.

More specifically, Plaintiff alleges that, on February 6, 2013, he was "given one year of probation" in Nevada state district court.  Id. at 3.  On June 15, 2013, Plaintiff was assigned a probation officer from the Intensive Supervision Unit of the Nevada Department of Parole and Probation.  Id. at 4.  This probation officer allegedly did a home check, searched through his things, and told plaintiff he had to move.  Id. at 3, 4.  Plaintiff says he was assigned, on October 30, 2013, a new probation officer, Officer Carter, who did a home check, questioned his family, and confiscated his telephone, prepaid cards, and sport bet tickets.  Id. at 3, 5.  On November 15, 2013, Plaintiff says he went to Parole and Probation for a monthly check-in and was taken into custody and charged with a parole violation.  Id.

Plaintiff further alleges in his Complaint that he "should have been discharged from Probation on June 13th, 2013."  Id.  Plaintiff further alleges that he was "falsely arrested," and that his "rights were violated [by the parole officer] because she failed to properly read the court minutes" and Plaintiff "should have retained [his] freedom since day one."  Id. at 4, 5.

## II. Legal Standard

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); accord D. Nev. R. IB 3-2(b).  If a party timely objects to a magistrate judge's report and recommendation, then the court "shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1); accord D. Nev. R. IB 3-2(b).

/ / /

/ / /

/ / /

**III.    Discussion**

Plaintiff's Objection was filed on July 21, 2014, eleven days after Magistrate Judge Koppe filed her Report and Recommendation, on July 10. Plaintiff must object "within fourteen (14) days." LR IB 3-2(a). Therefore, Plaintiff's Objection is timely. Consequently, the Court has reviewed the record and the Report and Recommendation *de novo*.

Plaintiff has objected to the recommended dismissal of his claim with prejudice. In his Complaint, Plaintiff alleges facts that may or may not support habeas corpus relief in federal court or an appeal in Nevada state court, but Plaintiff's Complaint does not establish a cognizable § 1983 claim.

Civil tort actions, including § 1983 suits, are not an appropriate means to challenge the validity of outstanding criminal judgments that necessarily require a plaintiff to prove the unlawfulness of his conviction or confinement. Heck v. Humphrey, 512 U.S. 477, 484 (1994). To recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487. Moreover, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Here, Plaintiff has not in his complaint alleged that his imprisonment due to a probation violation has been reversed or otherwise invalidated prior to bringing this § 1983 suit. Plaintiff's allegations essentially amount to a challenge on the nature and fact of his confinement for a probation violation. However, no allegations in the Complaint suggest "that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" as is required by law in a § 1983 complaint. Heck, 512 at 487. Plaintiff's closest statement on point is that he "served a total of 28 days went to Court on

1  Dec. 2nd 2013 and was told upon release [he] should have been discharged from Probation on
2  June 13th 2013." Complaint 3.  The fact that Plaintiff's term of probation may have been
3  improperly extended does not mean that his conviction itself has been invalidated or reversed.
4  As Plaintiff in his Complaint has not alleged that his imprisonment due to a probation violation
5  has been reversed or otherwise invalidated, Plaintiff has failed to state in his Complaint a
6  cognizable civil rights claim in any of his three causes of action.

7  Moreover, in the Report and Recommendation, Magistrate Judge Koppe observed the
8  relevant legal standard, commenting "Plaintiff has not and, indeed, cannot allege that his
9  imprisonment due to a probation violation has been reversed or otherwise invalidated."  Report
10 and Recommendation 4:9–10.  In his Objection, Plaintiff neither addresses this shortcoming nor
11 alleges any facts that might demonstrate his ability to do so.  Plaintiff merely reiterates, "[i]t had
12 been clearly stated in the courtroom my probation term was terminated on June 13th, 2013, but I
13 was to check in with 'parole and probation' to receive my discharge papers.  On June 15th 2013
14 instead of discharging me they given [sic] me a probation officer I should never had in the 1st
15 place." Objection 1, ECF No. 3.

16 Plaintiff has not alleged—and it would appear that he cannot prove—that his
17 imprisonment due to a probation violation has been reversed or otherwise invalidated.
18 Consequently, the Court must adopt the Report and Recommendation of Judge Koppe and
19 dismiss the Complaint with prejudice.  This dismissal reflects neither positively nor negatively
20 on the merits of Plaintiff's complaints.  Rather, as a matter of law, this Court is simply not
21 permitted to adjudicate a § 1983 complaint for an allegedly unconstitutional conviction or
22 imprisonment absent an allegation or evidence that the conviction or sentence has been reversed,
23 expunged, declared invalid, or questioned by the issuance of writ of habeas corpus.  Heck, 512
24 U.S. at 486–87.
25 / / /
26 / / /
27 / / /
28

**IV. CONCLUSION**

Accordingly, **IT IS ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED.** Plaintiff's Application for Leave to Proceed *In Forma Pauperis* is **GRANTED** and Plaintiff's Complaint is **DISMISSED** with prejudice.

**DATED** this 20th day of January, 2015.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**